IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOPSTONE COMMUNICATION, INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 22-00048 |
| | § | |
| CHENYI XU and ZHEJIAN CHAOQIAN TELECOMMUNICATION TECHNOLOGIES CO., LTD., | § § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Topstone Communication, Inc. files this First Amended Complaint against Defendants Chenyi Xu and Zhejian Chaoqian Telecommunication Technologies Co., Ltd. and would respectfully show the Court as follows:

## I.
## PARTIES

1. Plaintiff Topstone Communication, Inc. ("Topstone") is a corporation organized in Texas with its principal place of business in Harris County, Texas.

2. Defendant Chenyi Xu ("Xu") is an individual residing in China who has conducted business in Texas.

3. Defendant Zhejian Chaoqian Telecommunication Technologies Co., Ltd. ("ZCTT") is a Chinese business entity that has conducted business in Texas.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Further, this Court has personal jurisdiction over Defendants because they conduct business and have

1

committed torts in Texas as set forth in this petition.

5. Venue is proper in the Southern District of Texas, pursuant to 28 U.S.C. § 1391(b)(2) as the events giving rise to the Complaint occurred within the Southern District of Texas and Defendants removed Plaintiff's suit to this district.

## III.
## FACTUAL BACKGROUD

6. Topstone is a distributor of telecommunications products. ZCTT is a manufacturer of telecommunications products.

7. On or about November 1, 2007, Topstone entered into an exclusive distributor agreement with ZCTT whereby Topstone became the exclusive distributor of ZCTT's products within the United States.

8. The parties subsequently agreed to extend the exclusive distributor agreement to encompass North America and South America.

9. Under the agreement, ZCTT agreed to use its best efforts to fill or supply the orders Topstone was able to procure promptly and agreed that it shall not directly or indirectly, solicit or accept orders for the purpose of selling in North America and South America other than through Topstone. ZCTT further agreed to refer to Topstone any inquiries or orders for its products from North America and South America.

10. In return, Topstone agreed not to sell similarly competitive products that are not produced by ZCTT or to produce similar competitive products on its own without the written approval of ZCTT.

11. Topstone performed its obligations under the exclusive distributor agreement,

developing and securing a number of customers for ZCTT's products including Corning Optical Communications LLC ("Corning"), a major purchaser of ZCTT's products.

12. On or about, April 15, 2008, Xu became a shareholder of Topstone acquiring 270,000 shares in the company (the most of any other shareholder in the company).

13. Xu further became a director of Topstone.

14. As a shareholder and director of Topstone, Xu owed fiduciary duties towards Topstone which included duties of loyalty and utmost good faith and to refrain from competing and or usurping corporate opportunities of Topstone.

15. On or about October 5, 2021, Xu sent an email to Topstone on behalf of ZCTT notifying Topstone that ZCTT was immediately terminating the exclusive distributor agreement.

16. After repudiating the agreement, Xu informed Topstone that ZCTT will cease all business with Topstone including filling or supplying orders that Topstone had already procured for ZCTT's products.

17. Defendants then stole or attempted to steal Topstone's customers informing them to order their products directly from ZCTT.

18. All conditions precedent have been performed, satisfied, or waived.

## VI.
## CAUSES OF ACTION

19. Topstone incorporate by reference and re-allege each of the foregoing paragraphs.

**A.    Breach of Contract.**

20. ZCTT is liable to Topstone for breach of contract. A valid and enforceable contract,

the exclusive distributor agreement, existed between Topstone and ZCTT. Topstone substantially performed its obligations under the agreement. ZCTT breached the agreement by repudiating it on or about October 5, 2021. ZCTT by words and conduct showed that ZCTT had no intention of abiding by the terms of the agreement.

21.     As a direct and proximate result of the wrongful conduct alleged above, Topstone has suffered actual and consequential damages within the jurisdictional limits of this Court.

**B.     Misappropriation of Trade Secrets**

22.     Defendants are liable for violation of the Uniform Trade Secret Act (UTSA). Trade secret misappropriation under Texas law is established by showing: (a) a trade secret existed; (b) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; and (c) use of the trade secret without authorization from the plaintiff. Improper means of acquiring another's trade secrets include theft, fraud, unauthorized interception of communications, inducement of or knowing participation in a breach of confidence, and other means either wrongful in themselves or wrongful under the circumstances of the case.

23.     Defendants misappropriated Topstone's customers list and have or are attempting to divert purchase orders from Topstone's customers.

24.     As a direct and proximate result of the wrongful conduct alleged above, Topstone has suffered actual and consequential damages within the jurisdictional limits of this Court.

**C.     Breach of Fiduciary Duties**

25.     As a major shareholder and director of Topstone, Xu owed Topstone fiduciary duties. Xu's duties toward Topstone include the duty of loyalty and utmost good faith,

duty to refrain from self-dealing, competing or usurping corporate opportunities, duty to act with integrity of the strictest kind, duty of fair and honest dealing and duty of utmost good faith in her relationship with Topstone.

26. Xu breached her fiduciary duties by repudiating the usurping Topstone's opportunities, stealing or attempt to steal the customers of Topstone, and by diverting purchase orders of Topstone.

27. As a direct and proximate result of the wrongful conduct alleged above, Topstone has suffered actual and consequential damages within the jurisdictional limits of this Court.

**D.  Civil Conspiracy**

28. Defendants were members of a combination of two or more persons whose object was to accomplish an unlawful purpose, to wit: assist Xu in breaching her fiduciary duties to Topstone and for Defendants to misappropriate Topstone's customers list and to divert purchase orders from Topstone's customers

29. As a direct and proximate result of the wrongful conduct alleged above, Topstone has suffered actual and consequential damages within the jurisdictional limits of this Court.

## VII.
## DAMAGES AND ATTORNEY'S FEES

30. Topstone seeks actual and consequential damages including lost profits within the jurisdictional limits of this Court.

31. Topstone is further entitled to recover reasonable and necessary attorney's fees pursuant to UTSA.

## VIII.
## EXEMPLARY DAMAGES

32. Defendants' knowing and intentional misconduct was willful and malicious and undertaken with malice or, at a minimum, gross negligence.

33. Topstone is entitled to exemplary damages in the maximum amount allowed by Tex. Civ. Prac. & Rem. Code §§ 41.003(a) and 134A.004(b).

## IX.
## JURY DEMAND

34. Topstone have requested a trial by jury and have tendered payment of the jury fee.

## PRAYER

WHEREFORE, Plaintiff Topstone Communication, Inc. respectfully request that on final trial, it be awarded the following:

1. Judgment against Defendants for actual, consequential and exemplary damages within the jurisdictional limits of this Court;

2. Pre-judgment and post-judgment interest at the rate allowed by law until paid;

3. Reasonable and necessary attorney's fees;

4. Costs of court; and

5. Such further relief at law or in equity, to which Plaintiff may by this pleading or proper amendment, thereto, show itself justly entitled.

Respectfully submitted,

**MAI & NA PLLC**

By: */s/ Pete Mai*
PETE MAI

        pete@mnnlawfirm.com
        State Bar No. 24029702
        JOHN NA
        john@mnnlawfirm.com
        State Bar No. 24074786
        6588 Corporate Drive, Suite 188
        Houston, Texas 77036
        Telephone:   (713) 505-1637
        Telecopier:   (832) 553-2689

**COUNSEL FOR PLAINTIFF TOPSTONE COMMUNICATION, INC.**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing was served in accordance with the Federal Rules of Civil Procedure on all counsel of record by e-serve, email and/or first-class mail on this the 15th day of January, 2022.

        */s/ Pete Mai*
        PETE MAI