United States District Court
Southern District of Texas
**ENTERED**
May 18, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TOPSTONE COMMUNICATIONS, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-00048 |
| § | |
| CHENYI XU, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM & ORDER

The Court held a hearing on Defendants' Motion to Dismiss (doc. 6) and Plaintiff's Motion for Alternative Service (doc. 8) on April 27, 2022. At that hearing, the Court took the Motions under advisement. The Court now **DENIES** Defendants' Motion to Dismiss without prejudice, **QUASHES** Plaintiff's service, and **ORDERS** Plaintiff to (1) immediately commence service upon Defendant under the Hague Convention, (2) accomplish such service within twenty weeks, and (3) file a status update within ninety days. The Court provides this Memorandum & Order to document its rulings and reasoning.

### I.     BACKGROUND

Defendants reside in and are citizens of China, and China is a signatory to the Hague Convention. (Doc. 6 at 5). Plaintiff filed its original petition against defendants in the state district court of Harris County, Texas. (Doc. 8 at 1). Plaintiff then served the citations and original petition in Texas, using the Texas secretary of state as its agent for service. (*Id.*) Defendants appeared in state court to remove the lawsuit to federal district court and to contest jurisdiction based on improper service. (*Id.* at 2). After plaintiff filed a First Amended Complaint via CM/ECF,

1

defendants filed their Motion to Dismiss. (Doc. 9 at 2, n. 1). Plaintiff countered with its Motion for Alternative Service via email. (Doc. 8).

## II. LEGAL STANDARD

District courts "cannot exercise jurisdiction over a defendant [who] has not been served properly." *J.O. Alvarez, Inc. v. Rainbow Textiles, Inc.,* 168 F.R.D. 201, 203 (S.D.Tex.1996); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350, (1999) ("In the absence of service of process (or waiver of service by a defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). "When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity." *Naranjo v. Univ. Surety of Am.*, 679 F.Supp.2d 787, 795–96 (S.D. Tex. 2010) (quoting *Aetna Bus. Credit Inc. v. Universal Décor and Interior Design*, 635 F.2d 434, 435 (5th Cir. 2009)) (internal quotation marks omitted). Actual notice of the claim is insufficient. *Bell v. Holloway*, 2007 WL 4613029, at *2 (S.D. Tex. 2001) (citing *McGuire v. Sigma Coatings, Inc.*, 48 F.3d 902, 907 (5th Cir. 1995)).

Federal Rule of Civil Procedure 12(b)(5) authorizes the dismissal of an action for insufficient service of process. A district court has broad discretion either to dismiss a case for improper service of process or to quash service and grant the plaintiff time in which to serve a defendant properly. *Brown v. Mississippi Cooperative Extension Serv.*, 89 F. App'x 437, 439 (5th Cir. 2004).

Because the United States and China are both signatories to the Hague Convention, the Convention specifies the means by which plaintiff must serve foreign entities located in China. The Supreme Court has directed that "compliance with the Convention is mandatory in all cases to which it applies." *Volkswagenwerk Aktiengesellschaft v. Schlunk,* 486 U.S. 694, 705 (1988).

However, service of process on a foreign defendant in compliance with the Convention is mandatory only "if the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp[., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990). The Convention does not specify the circumstances in which there is "occasion to transmit" a complaint "for service abroad." *Schlunk,* 486 U.S. at 700. Therefore, courts must ". . . refer to the internal law of the forum state . . . if the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies." *Id*.

Under the Texas Business Organizations Code, corporations have a duty to maintain a registered agent on whom may be served any process, notice or demand required or permitted by law to be served on an entity. Tex. Bus. Orgs. Code Ann. § § 5.201–202. If a foreign filing entity transacts business without being registered as required by Chapter 9 of the code, the Texas secretary of state serves as the agent for service of process, notice or demand. *Id.* at § 5.251. After service in compliance with § 5.252, the secretary of state immediately sends one of the copies of the process, notice or demand to the named entity by certified mail, return receipt requested. *Id.* at § 5.253.

**III.   DISCUSSION**

    **A.  The Hague Convention applies to this case.**

Plaintiff claims that, when it commenced its state court lawsuit, it effected valid substitute service on defendants Xu and ZCTT by serving the Texas secretary of state. While it is true that substitute service can be effected when required documents are delivered to the Texas secretary of state, a court does not acquire jurisdiction of a matter until the secretary of state forwards the documents to the defendant. *Kim v. Frank Mohn,* 909 F.Supp. 474, 479

3

(S.D.Tex.1995) (citing *Whitney v. L & L Realty Corp.,* 500 S.W.2d 94 (Tex.1974); *Roberts v. Niekerk,* 730 S.W.2d 341 (Tex. Ct. App.-Dallas 1987, writ ref 'd n.r.e.)). Effecting service of process on the defendant without invoking the jurisdiction of the court and giving notice to the defendant would be meaningless. "The purpose of the citation is to give the court proper jurisdiction over the parties and to provide notice to the defendant that he has been sued...." *Aavid Thermal Technologies of Texas v. Iriving Independent School District,* 68 S.W.3d 707, 710 (Tex. App.-Dallas 2001, no pet.). "Citation serves the purposes of giving the court jurisdiction over the defendant, satisfying due process requirements, and giving the defendant an adequate opportunity to appear and defend." *El Paso Independent School District v. Alspini,* 315 S.W.3d 144, 149 (Tex. App.-El Paso 2010, no pet.).

"Service of process is achieved when the citation and a copy of the petition are delivered to the defendant, or the defendant is given notice of the suit through another authorized means." " *El Paso Independent School District v. Alspini,* 315 S.W.3d 144, 149 (Tex.App.-El Paso 2010, no pet.); *see also Texas Inspection Services, Inc. v. Melville,* 616 S.W.2d 253 (Tex.Civ.App.-Hous. [1st Dist.] 1981, no writ) (substituted service on secretary of state complete when secretary forwards documents to defendant). The Texas secretary of state must send copies of the documents to China in order for defendants to have notice of the lawsuit and for the court to have jurisdiction over them. Therefore, "the method of serving process involves the transmittal of documents abroad," and the Hague convention applies. *Sheets,* 891 F.2d at 537.

Plaintiff argues that defendants dispensed with service of the original petition when they appeared in state court to file their notice of removal. However, it is axiomatic that only a general appearance by defendants results in a waiver of defect in the manner of service. *Knox v. Summers*, 7 U.S. 496, 497 (1806). The Fifth Circuit holds, "[i]n determining whether conduct is sufficient to

4

be considered a general appearance, the focus is on affirmative action that impliedly recognizes the court's jurisdiction over the parties." *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002) (citing *Jones v. Sheehan, Young, & Culp, P.C.,* 82 F.3d 1334, 1340–41 (5th Cir.1996). A petition for removal does not amount to a general appearance. *Gen. Inv. Co. v. Lake Shore & M.S. Ry. Co.,* 260 U.S. 261, 268 (1922). Therefore, defendants' appearance in state court to remove the matter does not constitute waiver of defect in the manner of service.

### B. The Hague Convention does not permit service via CM/ECF or email.

Plaintiff next asserts that its First Amended Complaint, docketed on CM/ECF, constituted effective service upon defendants' counsel. Plaintiff moves the court in the alternative to allow alternative service upon defendants by emailing the First Amended Complaint to defense counsel. The Court addresses each argument in turn.

#### 1. CM/ECF

Plaintiff correctly points out that service in a post–removal federal case is governed by the Federal Rules of Civil Procedure. *See Perez*, 2006 WL 1788182, at *2; Fed. R. Civ. P. 81(c)(1). Therefore, plaintiff's next attempt at service will need to comply with Rule 4(f), which governs service on foreign defendants. Fed. R. Civ. P. 4(f). That Rule authorizes the following three methods of service:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice[;] ... or (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)–(3). The first part of the rule "gives effect to the Hague Convention"; the second "provides options to the party serving process when internationally agreed process methods are not intended to be exclusive or when no international agreement is applicable, as would be true, for example, when service is to be made in a nation that is not a signatory to the Hague Convention"; and the third "serves as a safety valve for unanticipated situations." *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.,* 494 F. Supp. 3d 404, 418 (N.D. Tex. 2020) (citing 4B Charles A. Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* § 1133 (4th ed. 2020)).

Plaintiff relies on *In re Chinese-Manufactured Drywall Prod. Liab. Litig.,* for the proposition that "formal service of any pleading other than the original complaint, including an amended complaint, is generally unnecessary." No. 2:14-CV-02722, 2021 WL 6050204, at *3 (E.D. La. 2021). Therefore, plaintiff argues, the Court may allow service via CM/ECF as a "means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). And indeed, Federal Rule of Civil Procedure 5 provides that a "pleading filed after the original complaint" may be served by various methods, including "filing [the pleading] with the court's electronic-filing system." Fed. R. Civ. P. 5(a)-(b). However, Rule 5's allowance assumes proper service of the initial complaint, which plaintiff cannot establish here.

For the reasons already detailed above, plaintiff must fulfill the requirements of Rule 4(f)(1), i.e., service under the Hague Convention, because China is a signatory to the treaty and plaintiff seeks to transmit judicial documents abroad. *See L.K. ex rel. Yarborough v. Mazda Motor Corp.*, Civil Action No. 3:09-cv-469-M, 2009 WL 1033334, at *2 (N.D. Tex. Apr. 15, 2009) (holding that, under Rule 4(f)(1), service of Japanese defendant must comply with the Hague Convention). Service via CM/ECF will not suffice.

### 2. Email Service

The question of whether email service is consistent with the Hague Convention, at its core, incorporates a more fundamental inquiry: Does the Hague Convention prohibit all means of service not explicitly authorized by its terms? For the following reasons, the Court answers "yes."

As the Supreme Court has held, the Convention "pre-empts inconsistent methods of service ... [wherever] it applies." *Schlunk*, 486 U.S. at 699. Indeed, the *Schlunk* majority noted that the Hague Convention preempted *notification au parquet*—a French practice "permit[ting] service of process on a foreign defendant by the deposit of documents with a designated local [French] official"—even though *notification au parquet* was not expressly mentioned in the final draft of the Convention. 486 U.S. at 703. In its reasoning, the court relied on the Convention's history, purpose, and specific articles. *Id*. ("There is no question but that the Conference wanted to eliminate notification au parquet.")

When asked whether the Hague Convention automatically allows for service by mail since it does not expressly prohibit such service, the Supreme Court again demurred. In *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504 (2017), the majority held that, while the Convention neither precludes nor affirmatively authorizes service by mail, service by mail is permissible only if two conditions are met: "first, the receiving state has not objected [via Article 10(a) of the convention] to service by mail; and second, service by mail is authorized under otherwise-applicable law." 137 S. Ct. at 1513.

Article 10(a) of the Hague Convention reads, "[p]rovided the State of destination does not object, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad." 20 U.S.T., ART. 10. China has objected to all forms of service that Article 10 could allow.

Several federal district courts have interpreted China's objection to service by "postal channels" to prohibit email service. *See, Guangdonc,* 494 F. Supp. 3d at 417 (citing *Facebook, Inc.*, 480 F.Supp.3d at 987, ("[s]ervice by e-mail on defendants in China is not one of the Hague Service Convention's approved methods of service" and "[t]hus, unless an exception to the Convention applies, service by e-mail on the China-based defendants" is prohibited)); *Anova Applied Elecs., Inc. v. Hong King Grp., Ltd.*, 334 F.R.D. 465, 472 (D. Mass. 2020) (holding "e-mail service on [China-based] defendants is prohibited by the Hague Convention"); *CRS Recovery, Inc. v. Laxton*, No. C 06-CV-7093 CW, 2008 WL 11383537, at *1–2 (N.D. Cal. Jan. 8, 2008) ("An order allowing email service on a defendant located in China would contravene the [Hague Convention] ....").

Even if China's Article 10(a) objection does not in and of itself prohibit email service, the Court holds that such service is nevertheless proscribed by the Convention because it is inconsistent with the Convention's authorized service methods. In *Anova Applied Electronics, Inc.*, the district court pointed out that Articles 11 and 19 permit signatories to consent, either unilaterally or with another party, to means of service not authorized by the Convention. 334 F.R.D. at 471. Allowing countries to consent to forms of service not authorized by the Convention would "hardly be necessary" if the Convention "generally permitted any means of service ... not explicitly authorized or prohibited by its text." *Id*. at 471–72. The court in *Anova Applied Electronics, Inc.* ultimately concluded that "permit[ting] service by e-mail would bypass the means of service set forth in the Convention." *Id*. at 472; *see also Guangdong,* 494 F. Supp. 3d at 417 (N.D. Tex. 2020).

This Court therefore determines that email service is not permitted under the Convention because it is inconsistent with and not authorized by the Convention's delineated service methods.

### C. Chinese Rules of Civil Procedure require service under the Hague Convention to include a translated copy in Chinese.

As defendants correctly note, China requires documents served under the Convention to either be written in Chinese or translated into Chinese. Article 5 of the Convention authorizes the Chinese Central Authority to "require the document to be written in, or translated into, the official language or one of the official languages of the State addressed." 20. U.S.T. ART. 5. In response, plaintiff alleges that "defendants' contention that they would be prejudiced unless served in strict compliance with the Hague Convention is disingenuous [because] [d]efendants are ably served by Texas counsel, [and] there is no evidence that defendants and their counsel have any difficulty understanding English." (Doc. 8 at 15). While it may be true that defense counsel speaks English, that does not negate the fact that plaintiff failed to comply with the Convention's requirements. For this reason, plaintiff's service again falls short of satisfying the dictates of the Hague Convention.

## IV. CONCLUSION

For the above enumerated reasons, the Court now **DENIES** Defendants' Motion to Dismiss without prejudice, **QUASHES** Plaintiff's service, and **ORDERS** Plaintiff to (1) immediately commence service upon Defendant under the Hague Convention, (2) accomplish such service within twenty weeks, and (3) file a status update within ninety days.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 18th day of May, 2022.

_____
HON. KEITH P. ELLISON
UNITED STATES DISTRICT COURT JUDGE